Defendants appeal, assigning as error the insufficiency of the evidence to support the award.

*Gold, McAnally & Gold and Long & Crew for plaintiffs, appellees.*
*Sapp & Sapp for defendants, appellants.*

PER CURIAM.  One member of the Court, *Schenck, J.,* not sitting, and the remaining six being equally divided in opinion as to the sufficiency of the evidence to support the award, the judgment of the Superior Court is affirmed in accordance with the usual practice in such cases, and stands as the decision in the present case, without becoming a precedent.  *Cole v. R. R.,* 211 N. C., 591, 191 S. E., 353.

Affirmed.

---

W. J. MUNDEN v. L. H. WINDHOLZ AND M. S. HAWKINS, RECEIVERS FOR NORFOLK SOUTHERN RAILROAD COMPANY, A CORPORATION.

(Filed 12 October, 1938.)

APPEAL by plaintiff from *Parker, J.,* at February Term, 1938, of PASQUOTANK.  Affirmed.

This is an action brought by plaintiff against defendant for false arrest and imprisonment.  The action was removed for trial to the U. S. District Court for the Eastern District of North Carolina.  At the July Term, 1937, the following judgment was rendered by Judge Meekins:

"This cause coming now to be heard, and at the close of all the testimony the defendants renewed their motion for judgment as of nonsuit and the court intimated its willingness to grant said motion.  Whereupon plaintiff asked leave of the court to take a voluntary nonsuit, and upon motion to that effect the same was allowed, and judgment of voluntary nonsuit is accordingly entered herein."

The action was brought thereafter in the Superior Court of North Carolina and to acquire jurisdiction the demand for damages was reduced to $2,500.  The judgment of Parker, J., in the court below, in part, is as follows:

"That if this action is not *res adjudicata* that the plaintiff has not offered sufficient evidence to entitle him to go to the jury and that the case, in any event, if the plea of *res adjudicata* is not tenable, should be nonsuited, it is now, therefore, ordered and decreed by the court that the action be, and it hereby is dismissed and nonsuited, and the plaintiff is taxed with the costs."

*J. Henry LeRoy and J. H. Hall for plaintiff.*
*J. Kenyon Wilson for defendant.*

PER CURIAM. From a careful review of the evidence on the whole record, we do not think that the plaintiff has offered sufficient evidence to be submitted to a jury. The judgment of the court below is
Affirmed.

---

MRS. R. A. HALL v. WILLIE G. BOYKIN AND J. W. BOYETTE.

(Filed 12 October, 1938.)

APPEAL by defendant J. W. Boyette from *Harris, J.,* and a jury, at February-March Term, 1938, of JOHNSTON. Reversed.

The court charged the jury as follows: "Gentlemen of the jury, in the case which we have just tried I charge you this: That if you believe all the evidence and find the facts to be as testified to by all the witnesses you will answer the issue 'Yes.' The issue is: 'Is the plaintiff, Mrs. R. A. Hall, the holder as collateral security of the note and mortgage described in the pleadings?' I charge you if you believe all the evidence and find the facts to be as testified to by all the witnesses you will answer the issue 'Yes.' Take the case, and say how you find it." To which the defendant J. W. Boyette excepted, assigned error and appealed to the Supreme Court.

The issue submitted to the jury and their answer thereto is as follows: "1st. Is the plaintiff, Mrs. R. A. Hall, the holder as collateral security of the note and mortgage described in the pleadings? Answer: 'Yes.' "

The court below rendered judgment on the verdict.

*Abell & Shepard for plaintiff.*
*Parker & Lee for defendant J. W. Boyette.*

PER CURIAM. This action was here before—*Hall v. Boykin,* 211 N. C., 391. From a review of the evidence in the court below, we think there was sufficient competent evidence on the part of the defendant J. W. Boyette to be submitted to the jury on the issue.

The judgment of the court below is
Reversed.